**THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF PUERTO RICO**

| | |
|---|---|
| POPULAR AUTO, INC.<br><br>   *Plaintiff*,<br><br>      v.<br><br>M/V NI & MI, its engines, equipment and furnishings, etc, *in rem;* PEDRO A. RAY CHACON, HIS WIFE NILSA P. SANTIAGO RAMOS; AND THEIR CONJUGAL PARTNERSHIP<br><br>   *Defendants*. | CIV. NO. 11-2164 (PG) |

**OPINION AND ORDER**

**I. FACTUAL AND PROCEDURAL BACKGROUND**

On December 2nd, 2011, Popular Auto, Inc. (hereinafter "Plaintiff") filed the above-captioned claim to enforce a mortgage lien on an American flag vessel M/V NI & MI, Hull identification Number STNAG043D001, belonging to Pedro A. Ray Chacon, his wife Nilsa P. Santiago Ramos, and their conjugal partnership (hereafter collectively referred to as "Defendants"). See Docket No. 1. In its complaint, Plaintiff asserts this Court's original jurisdiction pursuant to 28 U.S.C. § 1333. In addition, Plaintiff states that this Court has supplemental jurisdiction over the non-federal claims against Defendants under 28 U.S.S. § 1367. See Docket No. 1. On August 12, 2011, three (3) months prior to filing suit in federal court, Plaintiff's parent company, Banco Popular de Puerto Rico (hereinafter "BPPR") filed a $17 million complaint against Defendants, which, among other things, included a collection claim on another boat financed by Plaintiff. See Docket No. 6.

Defendants have filed now a motion to dismiss arguing that Plaintiff "is self-servingly attempting to obtain a contradictory ruling on the matter by forcing the Defendants to litigate the case twice," that is, in both federal and state court. See Docket No. 6 at page 3. The Defendants maintain that this Court should refrain from exercising jurisdiction over this matter pursuant to the abstention doctrine set

forth in Colorado River Conservation District v. United States, 424 U.S. 800 (1976). According to Defendants, this matter should be litigated together with the other collection proceedings the Plaintiff has already filed against Defendants in state court, in particular, because this action is nothing more than a loan collection claim that does not encompass any complicated issues of maritime law. In light of the aforementioned, Defendants request this Court dismiss this suit without prejudice; or in the alternative, that the case be stayed until the state suit is adjudicated in its entirety. See Docket No. 6. In its opposition, Plaintiff asserts, in relevant part, that claims *in rem* over a marine vessel must be brought in this Court. See Docket No. 9. The Defendants replied reiterating their position on the matters of abstention and refuting Plaintiff's arguments. See Docket No. 26.

After careful review, this Court holds that the present case does not present the extraordinary circumstances necessary under the Colorado River doctrine to justify the waiver of federal jurisdiction. Thus, this Court **DENIES** the Defendants' Motion to Dismiss or Stay Proceedings (Docket No. 6).

## II. DISCUSSION

In their motion to dismiss, Defendants base their arguments on the First Circuit ruling in Currie v. Group Insurance Commission 290 F.3d. 1 (2002), which in turn is based on the Supreme Court ruling in Colorado River. In the latter, the Supreme Court emphasized that "federal courts have a virtually unflagging obligation to exercise jurisdiction," Colorado River, 424 U.S. at 817, and therefore, a federal court usually may not abstain simply because of parallel proceedings in state court. Id. The Colorado River doctrine came to be known as the "fourth category" of abstention beyond the "three traditional branches." Colorado River, 424 U.S. at 814. The first three forms of abstention are: "*Pullman*-type (avoiding a constitutional determination by allowing a state court to construe state law), *Burford*-type (deferring to a state regarding difficult questions of state law that involve significant policy

considerations), and *Younger*-type (invoking federal jurisdiction to restrain criminal proceedings)". Colorado River, 424 U.S. at 814-817. The Colorado River abstention doctrine is distinctively concerned with federal court abstention when there are pending related state proceedings. See Rivera-Feliciano v. Acevedo-Vila, 438 F.3d 50, 62 (1st Cir.2006) (citing Colorado River, 424 U.S. at 818-19). "Jurisdiction should be surrendered under the Colorado River doctrine sparingly, and only in exceptional circumstances." Pastrana Torres v. Zabala Carrion, 376 F.Supp.2d 209, 214 (D.P.R. 2005) (citing Colorado River, 424 U.S. at 813, 817; Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 13 (1st Cir.1990)).

Courts have held that grounds for abstention under the Colorado River doctrine rest on "considerations of wise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation." Colorado River, 424 U.S. at 817 (internal citations and quotation marks omitted). Nevertheless, the general rule states that "the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction." Id.

"The crevice in federal jurisdiction that Colorado River carved is a narrow one. Of all the abstention doctrines, it is to be approached with the most caution, with only the clearest of justifications warranting dismissal." Jimenez v. Rodriguez-Pagan, 597 F. 3d 18, page, 27 (1st Cir.2010). Accordingly, the First Circuit has elaborated an "exceptional-circumstances test" comprised of eight (8) factors to be taken into account when determining whether federal proceedings concurrent to state proceedings should be terminated pursuant to Colorado River. Such factors include:

> (1) whether either court has assumed jurisdiction over a *res*; (2) the [geographical] inconvenience of the federal forum; (3) the desirability of avoiding piecemeal litigation; (4) the order in which the forums obtained jurisdiction; (5) whether federal law or state law controls; (6) the adequacy of the

> state forum to protect the parties' interests; (7) the vexatious or contrived nature of the federal claim; and (8) respect for the principles underlying removal jurisdiction.

Jimenez v. Rodriguez-Pagan, 597 F.3d at 27-28.

It is imperative to point out that "no one factor is meant to be determinative, but rather courts must make a carefully considered judgment taking into account both the obligation to exercise jurisdiction and the combination of factors counseling against that exercise." Rio Grande Cmty. Health Ctr. v. Rullan, 397 F.3d 56, 72 (1st Cir.2005) (internal citations and quotations omitted); see also Villa Marina Yacht Sales, Inc. v. Hatteras Yachts, 915 F.2d 7, 13 (1st Cir.1990) (finding that something more than a concern for judicial efficiency must animate a federal court's decision to give up jurisdiction).

The first factor of the "exceptional-circumstances test," namely, whether either court has assumed jurisdiction over a *res*, is irrelevant to this case, considering that the *res* alluded to in the federal complaint is different from the ones included in the claim in Commonwealth court. Similarly, the second prong of the test has also little bearing on this case since the federal forum is equally convenient to the state forum, as both are located in the same city. See Currie, 290 F.3d at 10.

In considering the third factor, whether the concern for avoiding piecemeal litigation should play a role in this case, we see nothing "beyond the routine inefficiency that is the inevitable result of parallel proceedings." Hatteras Yachts, 915 F.2d at 16. "[P]iecemeal litigation occurs when different tribunals consider the same issue, thereby duplicating efforts and possibly reaching different results." Romine v. Compuserve Corp. 160 F.3d page, 341 (6th Circ. 1998). Regarding this element of the test, the First Circuit has also held that:

> "[d]ismissal is not warranted simply because related issues otherwise would be decided by different courts, or even because two courts otherwise would be deciding the same issues.

Civil No. 11-2164 (PG)                                                Page 5

>           Rather, concerns about piecemeal litigation should
>           focus on the implications and practical effects of
>           litigating suits deriving from the same transaction
>           in two separate fora, and weigh in favor of
>           dismissal only if there is some exceptional basis
>           for dismissing one action in favor of the other."

Jimenez v. Rodriguez-Pagan, 597 F.3d at 29. No such exceptional basis exists in this case that weighs in favor of dismissal because of the potential for piecemeal litigation.

As to the fourth factor of the applicable test, also called the "priority" element, the Supreme Court has clarified that the same "should not be measured exclusively by which complaint was filed first, but rather in terms of how much progress has been made in the two actions." See Currie, 290 F.3d at 10 (citing Moses H. Cone Memorial Hospital v. Mercury Construction Corp., 460 U.S. 1 (1983)). In the case at hand, Plaintiff filed suit in the Commonwealth court only three (3) months before filing suit in this Court.[1] Although the parts have not advised this Court as to the present stage of proceedings in the state court, considering the fact that they were filed almost simultaneously, it is fair to assume that they are both in their incipient stages respectively. For this reason, we find this prong to be of no weight in favor of dismissal.

The fifth element requires us to consider whether federal law or state law controls. To that effect, the Defendants argue there are no claims that give rise to this Court's original jurisdiction. However, this Court disagrees. Pursuant to Rules C and E of the Supplemental Rules for Certain Admiralty and Maritime Claims,[2] we find that this is a

---

[1] The State Court complaint was filed on August 12, 2011, while the federal complaint was filed on December 2nd, 2011.
[2] Rule C of the Supplemental Rules for Certain Admiralty and Maritime Claims states as follows:
> In Rem Actions: Special Provisions. WHEN AVAILABLE. An action in rem may be brought: (a) to enforce any maritime lien….

Rule E of the Supplemental Rules for Certain Admiralty and Maritime Claims states as follows:
> Actions in Rem and Quasi in Rem: General Provisions. (1) APPLICABILITY. Except as otherwise provided, this rule applies to actions in personam with process of maritime attachment and garnishment, actions in rem, and petitory, possessory, and partition actions, supplementing Rules B,C, and D.

Civil No. 11-2164 (PG)                                                    Page 6

federal matter subject to our jurisdiction. Additionally, the Eleventh Circuit Court has stated that "an in rem suit against a vessel is distinctively an admiralty proceeding, and is hence within the exclusive province of the federal court." Board of Com'rs of Orleans Levee Dist. v. M/V BELLE OF ORLEANS, 535 F.3d 1299 (11TH Cir. 2008). This leads us to the sixth factor, namely, the adequacy of the state forum to protect the parties' interest. We find that although the Commonwealth court might be well-equipped to protect the parties' interests, this Court is the fora entitled by federal law to solve issues such as the one now before us.

Concerning the seventh prong of the test, we find that Defendants have failed to point out anything vexatious or contrived about the Plaintiff's suit. Finally, as for the eight and final factor, this Court finds that respect for principles of removal jurisdiction do not sway the court in favor of abstention.

After carefully reviewing the "exceptional-circumstances test" set forth by Colorado River and its progeny, we find that the case at hand does not display exceptional circumstances that undoubtedly justify departure from the federal court's duty to exercise jurisdiction. In view of the preceding analysis, this Court is reluctant to abstain from exercising jurisdiction over the above-captioned claim, and consequently, Defendants' request for abstention is hereby **DENIED**.

### III. CONCLUSION

Pursuant to the foregoing, the Court **DENIES** Defendants' Motion to Dismiss or Stay Proceedings (Docket No. 6).

**SO ORDERED.**
   In San Juan, Puerto Rico, June 14, 2012.

                                            S/ JUAN M. PÉREZ-GIMÉNEZ
                                            JUAN M. PÉREZ-GIMÉNEZ
                                            UNITED STATES DISTRICT JUDGE